IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ADAM FLETCHER YOUNG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-07-761-D |
| | ) |
| JOEL DAVIS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

This matter is before the Court for review of the Report and Recommendation issued by United States Magistrate Judge Doyle W. Argo pursuant to 28 U.S.C. § 636(b)(1)(B). Judge Argo recommends dismissal of the action under 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted because Plaintiff's claims under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), are barred by the applicable statute of a limitations. Plaintiff, a prisoner appearing *pro se* and *in forma pauperis*, has timely objected. Thus, the Court must make a de novo determination of portions of the Report to which specific objection is made, and may accept, modify, or reject the recommended decision. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Plaintiff complains of conduct by two federal agents, Joel Davis and Randall Rieger, who arrested and imprisoned him on January 26, 2005, allegedly in violation of the Fourth Amendment. Plaintiff alleges Defendants seized him at the municipal airport in Enid, Oklahoma, without probable cause and subjected him to "continuing arrest and imprisonment" by Enid police officers who arrived at the scene. *See* Compl. [Doc. 1], ¶ 8. Plaintiff also alleges Defendant Davis gave false and misleading testimony at a preliminary hearing in the ensuing criminal case, which testimony caused Plaintiff to be bound over for trial on July 18, 2005. This action was filed July 9, 2007.

Judge Argo correctly states a two-year statute of limitations governs Plaintiff's claims. Plaintiff does not disagree and, in fact, acknowledges this in his pleading. *See* Compl. [Doc. 1], ¶ 5. Judge Argo also correctly states federal law presumes that a claim arising out of conduct by law enforcement officers accrues when the conduct occurs. *See Price v. Philpot*, 420 F.3d 1158, 1162 (10th Cir. 2005). In *Wallace v. Kato*, 127 S. Ct. 1091, 1096 (2007), however, the Supreme Court decided that the type of conduct at issue here – a warrantless arrest – is most analogous to the tort of false imprisonment and, therefore, the statue of limitations for a civil rights claim based on such conduct begins to run when an arrestee becomes lawfully detained through the receipt of legal process, such as being arraigned on charges or bound over by a magistrate. From a public docket report regarding Plaintiff's criminal case, Judge Argo observes Plaintiff appeared before a judicial officer for a detention hearing on January 28, 2005. Judge Argo thus finds Plaintiff was lawfully detained after January 28, 2005, and his *Bivens* claims accrued no later than that date. Accordingly, Plaintiff's action was time-barred on January 28, 2007. Finally, concerning Defendant Davis' allegedly false testimony, Judge Argo finds any claim based on this conduct calls into question the validity of Plaintiff's state court conviction and is premature under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), because Plaintiff's direct appeal remains pending.

Plaintiff objects to this analysis. He contends the presumption of *Price* should not apply because he did not have legal counsel and did not know until his preliminary hearing on July 18, 2005, information that revealed the unlawfulness of his arrest. Specifically, Plaintiff alleges he was unaware on January 26, 2005, that Defendant Davis and an Enid police officer would give false testimony at his preliminary hearing and that Defendant Davis lacked probable cause to arrest him. Plaintiff also alleges that, while he learned at the bail hearing that drug trafficking charges had been filed, he did not know the elements of the charges or the legal requirements for a valid search and

seizure at that time. Plaintiff argues his claims did not accrue until July 18, 2005, when he was bound over for trial and learned during his preliminary hearing of facts to support his *Bivens* claims. Plaintiff relies heavily on the Supreme Court's opinion in *Wallace* to argue that the legal process ending his unlawful detention was not his bail hearing on January 28, 2005, but his preliminary hearing on July 18, 2005, when he was "bound over" for trial. *See Wallace*, 127 S. Ct. at 1096 ("Reflective of the fact that false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held pursuant to such process – when, for example, he is bound over by a magistrate or arraigned on charges."). Finally, Plaintiff states he is not presently bringing any claim against Defendants other than one for unlawful arrest and imprisonment.

Plaintiff's assertion of insufficient knowledge of the requirements for a warrantless arrest or the elements of his charged offense until months after his arrest has no bearing on the limitations issues. The Supreme Court determined in *Wallace* that the accrual date of a federal cause of action for civil rights violations is a question of federal law. *See Wallace*, 127 S. Ct. at 1095. Under *Wallace*, Plaintiff's damages for his arrest and involuntary detention ended "when legal process was initiated against him" and the statute of limitations began to run on that date. *Id*. at 1096.[1] Plaintiff's allegation that false testimony at his preliminary hearing caused him to be bound over for trial would support a claim for wrongful use of the judicial process – rather than an absence of legal process – and was unnecessary to his claim of wrongful arrest and imprisonment. According to the Supreme Court, the relevant date for Plaintiff's action is the date on which legal process was initiated against him.

---

[1] The Supreme Court noted: "While the statute of limitations did not begin to run until petitioner became detained pursuant to legal process, he was injured and suffered damages at the moment of his arrest, and was entitled to bring suit at that time." *Id.* at 1096 n.3.

Plaintiff acknowledges in his objection that he received a bail hearing on January 28, 2005, during which he was informed of the charges against him and bond conditions were set. *See* Pl.'s Objection [Doc. 12] at 2. The Court fully concurs in Judge Argo's finding that legal process was initiated against Plaintiff, and the two-year limitations period began to run, on that date. Plaintiff alleges no factual basis to toll the statute of limitations. *See, e.g., Alexander v. Oklahoma*, 382 F.3d 1206, 1217 (10th Cir. 2004) (federal law borrows state tolling principles; Oklahoma law requires conduct by defendants "calculated to lull plaintiffs into sitting on their rights"). Therefore, because Plaintiff makes clear that this action rests solely on Defendants' allegedly unconstitutional arrest and detention of him, the Court fully concurs in Judge Argo's finding that Plaintiff's action is time-barred.[2] Accordingly, the Court finds the Complaint fails to state a claim on which relief may be granted and should be dismissed.

IT IS THEREFORE ORDERED that the Court adopts the Report and Recommendation [Doc. 9] and orders the dismissal of Plaintiff's *Bivens* action for unlawful arrest and detention pursuant to 28 U.S.C. § 1915A(b)(1). Judgment will be entered accordingly.

IT IS SO ORDERED this 2nd day of November, 2007.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE

---

[2] Any claim for relief based on Defendant Davis' alleged false testimony at the hearing would be premature and subject to dismissal without prejudice under *Heck*.

4